IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DAVID OMAR CHAVEZ-ESTRADA**, <br><br> Defendant. | Case No. 3:14-cr-00056-SI <br><br> **OPINION AND ORDER** |

S. Amanda Marshall, United States Attorney, and Gregory R. Nyhus, Assistant United States Attorney. UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902. Attorneys for United States of America.

Gerald M. Needham, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 S.W. Main Street, Suite 1700, Portland, OR 97204. Attorney for Defendant.

**Michael H. Simon, District Judge.**

Before the Court is Defendant David Omar Chavez-Estrada's Motion to Dismiss his Indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. Dkt. 21. Defendant is charged with one count of Illegal Alien in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(5). For the reasons set forth below, the Court DENIES Defendant's Motion.

The Federal Rules of Criminal Procedure provide an opportunity for defendants to challenge the Government's indictment before trial. Rule 12(b)(2) provides that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." A pretrial motion to dismiss an indictment cannot be brought to

PAGE 1 – OPINION AND ORDER

challenge the merits of the case and cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Further, when reviewing a pretrial motion to dismiss, the court accepts the Government's allegations as true. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

## BACKGROUND

Mr. Chavez-Estrada was born in Mexico. In 1994, when he was 14 years old, Mr. Chavez-Estrada unlawfully entered the United States. Since that time he has lived continuously in the State of Oregon. He is married to a citizen of the United States. Mr. Chavez-Estrada and his wife have four children, all of whom are U.S. citizens.

Persons like Mr. Chavez-Estrada who have accrued more than 180 days of unlawful presence in the United States must obtain a waiver of inadmissibility to overcome the unlawful presence bar under Section 212(a)(9)(B) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182, before they may return to the United States. Beginning on March 4, 2013, the U.S. Government began allowing certain immigrant visa applicants who are spouses, children or parents of U.S. citizens to apply for a Provisional Unlawful Presence Waiver ("PUPW") before they leave the United States. This process allows individuals who require a waiver of inadmissibility for unlawful presence to apply for such a waiver in the United States before they depart for an immigrant visa interview at a U.S. embassy or consulate abroad.

On March 18, 2013, Mr. Chavez-Estrada applied for a PUPW. He was represented by counsel from the Bailey Immigration Law Firm in Portland, Oregon. On July 30, 2013, the United States approved Mr. Chavez-Estrada's PUPW application. On that date, Mr. Chavez-Estrada received a two-page Form I-797 Notice of Action, explaining the requirements of the PUPW application process. The Notice of Action also explains what a PUPW does not provide, including that a PUPW does not grant legal immigration status, stay removal proceedings, or

PAGE 2 – OPINION AND ORDER

permit the applicant to work in the United States. The Notice of Action further states that a PUPW does not take effect until after the applicant has left the country, met with a consular officer abroad, and the consular officer determines that the applicant is otherwise admissible to the United States and eligible to receive an immigrant visa. All of this information is also included and described on the United States Citizenship and Immigration Services ("USCIS") website. Mr. Chavez-Estrada remained in the United States after his PUPW was granted. His interview was scheduled for January 24, 2014.

On September 15, 2013, Yamhill County Sheriff's Deputies responded to Mr. Chavez-Estrada's home after receiving a 9-1-1 call from Mr. Chavez-Estrada's daughter. The caller stated that Mr. Chavez-Estrada had pointed a rifle at his wife and had threatened to kill her. At Mr. Chavez-Estrada's home, the deputies recovered an unloaded firearm, described as an AK-47 style assault rifle. Mr. Chavez-Estrada was not home at the time, but was arrested nearby a short while later. He was given *Miranda* warnings and he denied owning the firearm.

Mr. Chavez-Estrada was later indicted in Yamhill County for Unlawful Use of a Weapon and for Menacing Constituting Domestic Violence. An Immigration and Customs Enforcement ("ICE") hold was placed on Mr. Chavez-Estrada, and he was detained. On November 14, 2013, Mr. Chavez-Estrada pled guilty in state court to one count of Menacing Constituting Domestic Violence, a Class A Misdemeanor. He was sentenced to 30 days in jail and 24 months of probation. Mr. Chavez-Estrada was later released pursuant to the ICE hold and transported to Tacoma, Washington, where he remained in ICE custody until the federal indictment was filed. On February 4, 2014, Mr. Chavez-Estrada was indicted by a federal grand jury for violation of 18 U.S.C. § 922(g)(5), which states in relevant part: "it shall be unlawful for any person … who,

being an alien … is illegally or unlawfully in the United States … [to] possess in or affecting commerce, any firearm." Dkt. 1.

## DISCUSSION

Mr. Chavez-Estrada moves to dismiss his indictment under a theory of entrapment by estoppel. He argues that the USCIS issued a standard advisement that individuals granted a PUPW not leave the United States "until the National Visa Center (NVC) notifies you of your scheduled immigrant visa interview date and time at the designated U.S. Embassy or Consulate." Based on this advisement from USCIS, Mr. Chavez-Estrada continues, he believed that his presence in the United States was lawful. Therefore, Mr. Chavez-Estrada contends, his prosecution under 18 U.S.C.§ 922(g)(5) is a violation of his due process rights under the doctrine of entrapment by estoppel.

### A.  Entrapment by Estoppel

"A defendant has the burden of proving entrapment by estoppel." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004); *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000) (per curiam) (the defendant "*must show* that the government affirmatively told him the proscribed conduct was permissible") (emphasis added); *United States v. Tallmadge*, 829 F.2d 767, 774 (9th Cir. 1987) ("[T]he defendant *must show* that he relied on the false information and that his reliance was reasonable.") (emphasis added); *see generally Gilmore v. Taylor*, 508 U.S. 333, 341 (1993) ("States ... may place on defendants the burden of proving affirmative defenses.").

"Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." *Batterjee*, F.3d at 1216 (citing *Ramirez-Valencia*, 202 F.3d at 1109). The defense derives from the Due Process Clause of the Constitution, which prohibits convictions based on misleading actions by government officials. *Id.*

PAGE 4 – OPINION AND ORDER

In order to establish entrapment by estoppel, a defendant must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable. *Id.* As to the last element, "[a] defendant's reliance is reasonable if 'a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.'" *Id.* at 1216-17 (citing *Ramirez-Valencia*, 202 F.3d at 1109).

## B. Analysis

For the purposes of Mr. Chavez-Estrada's motion, the Court assumes, without deciding, that the official website of USCIS constitutes an "authorized government official empowered to render the claimed erroneous advice." *Batterjee*, 361 F.3d at 1216. Mr. Chavez-Estrada fails, however, to meet any of the remaining elements of an entrapment by estoppel defense.

### 1. Historical Facts

A defendant alleging entrapment by estoppel must demonstrate that an authorized government official was made "aware of all the relevant historical facts." *Id.*; *see also Tallmadge,* 829 F.2d at 774. Mr. Chavez-Estrada argues that, because he submitted more than 150 pages of documents in support of his application for a PUPW, and that application was granted, the Government was aware of all relevant historical facts. This reasoning is unpersuasive. Mr. Chavez-Estrada's possession of a firearm is a relevant historical fact necessary to determine whether he violated 18 U.S.C. § 922(g)(5). Mr. Chavez-Estrada has provided no evidence that he told any government official that he possessed a firearm. Accordingly, he has failed to meet his burden as to this element of the defense of entrapment by estoppel.

While Mr. Chavez-Estrada does not specifically address the argument, the Court is aware that the Ninth Circuit has permitted the entrapment by estoppel defense to be used even when the

PAGE 5 – OPINION AND ORDER

defendant did not explicitly state all relevant facts to government officials, provided that the official gave the same advice he or she would have given had they been explicitly told all the relevant facts. *See Batterjee*, 361 F.3d at 1218. This argument does not help Mr. Chavez-Estrada, however, because as stated above, he has failed to allege any facts demonstrating that any government official was aware that Mr. Chavez-Estrada possessed a firearm. At a minimum, "all the relevant historical facts" means that a defendant must inform an authorized government official of all the facts necessary to determine whether that person has violated the law. Because Mr. Chavez-Estrada has provided no evidence that he informed any government official that he possessed a firearm, he cannot prevail on this element.

### 2.  Affirmative statement that the proscribed conduct was permissible.

Mr. Chavez-Estrada argues that he remained in the United States because USCIS advised him to remain in the country until he received notification from the National Visa Center of his scheduled immigration interview. He contends that this instruction amounts to an affirmative statement that he was no longer unlawfully present in the United States. The Court disagrees. Both the USCIS website that Mr. Chavez-Estrada relies upon and the Notice of Action from USCIS state unequivocally that the PUPW application does not provide legal immigration status and does not take effect until after the applicant has left the United States. Furthermore, Mr. Chavez-Estrada does not identify any false information that he relied upon. At most, Mr. Chavez-Estrada has demonstrated that he misunderstood his legal status. His misunderstanding of USCIS's advice does not make that advice false, nor does it amount to an affirmative misstatement of law. *See Ramirez-Valencia*, 202 F.3d at 1109 ("[D]efendant must do more than show that the government made vague or even contradictory statements.") (quotation marks omitted).

The Ninth Circuit's decision in *Ramirez-Valencia* is instructive. In that case, the defendant returned to the United States more than five years after being deported, and he maintained that he did so in reliance on an Immigration and Naturalization Service form. The form stated that "any deported person who within five years returns without permission is guilty of a felony." *Id.* It did not, however, mention that returning more than five years after being deported is a felony. The court held that the form did not contain an affirmative misstatement sufficient to establish entrapment by estoppel because it "did not expressly tell the defendant that it was lawful for him to return to the United States after five years." *Id*. Accordingly, absent evidence that a government official affirmatively told him that a PUPW application granted legal immigration status and thereby permitted the possession of firearms, Mr. Chavez-Estrada cannot prove this element of the defense.

### 3. Reliance on False Information

A defendant must demonstrate that he relied on false information. *Batterjee*, 361 F.3d at 1216. Mr. Chavez-Estrada repeatedly argues that he remained in the United States because he relied on USCIS's advice to remain in the country until he received notification from the National Visa Center of his scheduled immigration interview. This argument ignores the relevant point: an entrapment by estoppel defense requires that a defendant rely on the government official's false or misleading information at the time he commits the unlawful act. *Id.* at 1217; *see also United States v. Billue*, 994 F.2d 1562, 1569 (11th Cir. 1993) ("[Defendant's] reliance on the defense of entrapment by estoppel is unavailing [because if] permitted, it would allow convicted felons to withhold material facts from a federally licensed firearms dealer, elicit an erroneous response based on such non-disclosure, and then plead entrapment.").

The Ninth Circuit's decision in *Batterjee* is instructive. In that case, an alien, Batterjee, truthfully disclosed all required information on a government form. *Batterjee*, 361 F.3d at 1217.

PAGE 7 – OPINION AND ORDER

Batterjee was then advised by a federally licensed firearms dealer that he could lawfully purchase a firearm. *Id.* The Ninth Circuit held that Batterjee could not be prosecuted for unlawfully possessing a firearm based on his status as a non-immigrant alien because Batterjee testified, without contradiction, that he would not have purchased a firearm had the firearms dealer properly advised him that it was illegal to do so. *Id.* Unlike Batterjee, Mr. Chavez-Estrada has provided no evidence that he was acting in reliance on a government official's statement when he possessed the firearm, as alleged in the indictment. Accordingly, he has not met the element of reliance.

      **4. Reasonable Reliance**

"[A] defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *Id.* at 1216-17 (quotation marks and citation omitted). Mr. Chavez-Estrada argues that, because he was a person in the process of becoming a lawful permanent resident of the United States, he was "acutely susceptible" to official advice from USCIS. Specifically, Mr. Chavez-Estrada directs the Court to sections of the USCIS website directing PUPW applicants that "if a provisional unlawful presence waiver is approved" the person should "not depart until the National Visa Center notifies [him] of [his] scheduled immigrant visa interview date and time." This section of the website, he argues, led him reasonably to believe that he was no longer unlawfully present in the United States after his PUPW application was approved.

Even if the Court were to assume, *arguendo*, that Mr. Chavez-Estrada was actually misled by the above statements, he has failed to proffer sufficient facts showing that such reliance on the USCIS website was reasonable. A person in Mr. Chavez-Estrada's position who was "sincerely desirous of obeying the law would ... have been put on notice to make further inquiries," *Id.* at 1216-17, precisely because the USCIS website specifically states that a pending

PAGE 8 – OPINION AND ORDER

PUPW does not give "legal immigration status."[1] Mr. Chavez-Estrada cannot fairly argue that his reliance on one page of the USCIS website was reasonable when that same webpage also indicates that a PUPW does not provide legal immigration status. Moreover, Mr. Chavez-Estrada personally received a Notice of Action from USCIS on July 30, 2013. The Notice of Action not only explains that Mr. Chavez-Estrada's PUPW would not take effect until after he left the country, it also states that approval of a PUPW does not give legal immigration status, allow the applicant to obtain legal status, protect the applicant from removal proceedings, or allow the applicant to work in the United States. Finally, even if Mr. Chavez-Estrada were able to demonstrate that his decision to remain in the United States was reasonable, he has failed to present undisputed facts showing that his possession of a firearm (in this case, an assault rifle) was the reasonable action of "a person sincerely desirous of obeying the law." *Id.*

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[1] The Court also notes that Mr. Chavez-Estrada was represented by legal counsel when he initially applied for a PUPW. Mr. Chavez-Estrada presumably could have asked his immigration attorney whether his conduct was lawful. *See Tallmadge*, 829 F.2d at 775 (Defendant's reliance on misleading information was reasonable in light of his attorney's erroneous legal opinion).

PAGE 9 – OPINION AND ORDER

## CONCLUSION

Because Mr. Chavez-Estrada does not offer sufficient facts to show that he made an authorized government official aware of all the relevant historical facts (specifically, that he possessed a firearm), that he was affirmatively told that his conduct in possessing a firearm was lawful, that he actually relied on a false statement made by the government, or that any such reliance on the USCIS website was reasonable, he has not shown that his prosecution violates due process under a theory of entrapment by estoppel. Defendant's Motion to Dismiss the Indictment (Dkt. 21) is DENIED.

**IT IS SO ORDERED**.

DATED this 22nd day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge